UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VANESSA R., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | CASE NO. 2:17-CV-01716-RAJ-JRC <br><br> REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT <br><br> NOTING DATE: November 2, 2018 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. Dkt. 11, 17, 18.

After considering and reviewing the record, the Court finds that the ALJ gave a conclusory reason for determining that plaintiff's condition did not medically equal one of the listed impairments at step three. The listing criteria requires, in part, that plaintiff experience repeated episodes of decompensation, which is defined as three episodes in one year, each lasting

for two weeks. The regulations state that the listing may be medically equaled if a plaintiff experiences more frequent episodes of shorter duration, or fewer episodes of longer duration. Because plaintiff experienced more frequent episodes of shorter duration, the ALJ erred in failing to consider whether her condition equaled the listed impairment criteria. This was not harmless error because a different determination at step three may have resulted in a finding that plaintiff is disabled.

The ALJ also erred in failing to consider whether plaintiff's diagnosis of borderline personality disorder was a severe impairment at step two. The ALJ made a conclusory statement that plaintiff's mental impairments could be best categorized as bipolar disorder and PTSD. In failing to consider whether plaintiff's diagnosis of borderline personality disorder was a severe impairment, the ALJ erred because the functional limitations associated with that diagnosis, which plaintiff presented evidence of at the hearing, were not taken into account in the RFC. Additional limitations in the RFC may have changed the disability determination.

Accordingly, this Court recommends that this matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, VANESSA R., was born in 1989 and was 23 years old on the alleged date of disability onset of April 1, 2013. *See* AR. 171-72, 173-78. Plaintiff has a high school diploma and has had some additional vocational training. AR. 43. Plaintiff has a work history in a fast food restaurant, food preparation, and doing janitorial work. AR. 46-48. Plaintiff last worked in a restaurant doing prep work until it became "way too much to handle." AR. 46.

1   According to the ALJ, plaintiff has at least the severe impairments of "bipolar disorder;
2   post-traumatic stress disorder (PTSD); polysubstance abuse; acute lumbar strain/lumbalgia (20
3   CFR 404.1520(c) and 416.920(c))." AR. 17.
4   At the time of the hearing, plaintiff was living in an apartment with a roommate. AR. 42.

5
6                              PROCEDURAL HISTORY
7   Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. §
8   423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. §
9   1382(a) (Title XVI) of the Social Security Act were denied initially and following
10  reconsideration *See* AR. 69-79, 80-90, 93-104, 105-16. Plaintiff's requested hearing was held
11  before Administrative Law Judge Mary Gallagher Dilley ("the ALJ") on February 4, 2016. *See*
12  AR. 36-66. On July 29, 2016, the ALJ issued a written decision in which the ALJ concluded that
13  plaintiff was not disabled pursuant to the Social Security Act. *See* AR.12-35.
14  On September 29, 2017, the Appeals Council denied plaintiff's request for review,
15  making the written decision by the ALJ the final agency decision subject to judicial review. AR.
16  1-6; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of
17  the ALJ's written decision in November, 2017. Dkt. 4. Defendant filed the sealed administrative
18  record regarding this matter ("AR.") on February 13, 2018. Dkt. 9.
19  In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ failed to
20  properly consider whether plaintiff's severe mental impairments are equal to Listing 12.04C at
21  step 3 of the disability evaluation; (2) The ALJ failed to properly consider all of the plaintiff's
22  severe mental impairments; (3) The ALJ failed to properly assess plaintiff's Residual Functional
23
24

Capacity at step 4; and (4) The ALJ failed to support her step 4 and step 5 findings that plaintiff can work with substantial evidence. Dkt. 11, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.  Whether the ALJ failed to properly consider whether plaintiff's severe mental impairments are equal to Listing 12.04C at step three of the disability evaluation.**

Plaintiff asserts that the ALJ failed to consider whether plaintiff's multiple hospitalizations medically equal the "paragraph C" criteria for listing 12.04 at step three of the sequential analysis. The ALJ found that plaintiff had the severe mental impairments of bipolar disorder, post-traumatic stress disorder, and polysubstance abuse, and considered whether plaintiff met a listing for each severe mental impairment. AR. 17.

At step-three of the administrative process, if the administration finds that the claimant has an impairment(s) that has lasted or can be expected to last for not less than twelve months and is included in Appendix 1 of the Listings of Impairments, or is equal to a listed impairment, the claimant will be considered disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).   The claimant bears the burden of proof regarding whether or not she "has an impairment that meets or equals the criteria of an impairment listed"

in 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings"). *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), *as modified to render a published opinion by* 2005 U.S. App. LEXIS 3756 (9th Cir. 2005).

When a plaintiff seeks to medically equal a listing, the plaintiff must demonstrate that she medically equals each of the individual criteria for the particular listing by presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (*citing Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); 20 C.F.R. § 416.926(a))(emphasis in original). A claimant cannot rely on overall functional impact, but must demonstrate that the impairment equals each criterion in the Listing. *Id.* "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Id.* (*citing Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001); *Marcia v. Sullivan,* 900 F.2d 172 (9th Cir. 1990)). At the hearing, plaintiff's attorney specifically requested that the ALJ consider whether for listing 12.04 (bipolar disorder), the "paragraph C" criteria regarding repeated episodes of decompensation were medically equaled due to plaintiff's more frequent episodes of shorter duration. AR. 40. At the Appeals Council, plaintiff's attorney again specifically raised the issue of whether plaintiff's multiple episodes of decompensation at a shorter duration equaled the "paragraph C" criteria. AR. 330.

In her decision, the ALJ made a conclusory finding that plaintiff's combination of mental impairments did not medically equal a listing, but did not state how she arrived at this conclusion. AR. 18. The ALJ made a conclusory finding that "the evidence fails to establish the presence of the 'paragraph C' criteria," and quotes the boilerplate definitions of the "paragraph C" criteria without citing any relevant evidence. AR. 19. The 9th Circuit has held that the ALJ

"must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001)(*citing Marcia v. Sullivan,* 900 F.2d 172 (9th Cir. 1990)).

Paragraph C of listing 12.04 states that the listing may be met when a plaintiff has experienced "repeated episodes of decompensation, each of extended duration." 20 C.F.R. part 404, Subpt. P, App. 1, § 12.00C.4. The regulations further define repeated episodes of decompensation as "three episodes within 1 year… each lasting at least 2 weeks," or forty-two days. 20 C.F.R. part 404, Subpt. P, App. 1, § 12.00C.4. The ALJ states that plaintiff "has experienced one to two episodes of decompensation, each of extended duration," but does not elaborate on these episodes. AR. 19. The ALJ noted the following hospitalizations in her decision:

- July 2013, emergency room visit followed by discharge to crisis respite center. AR. 335-36.
- October 2013, hospitalized 7 days. AR. 352-82.
- January 2014, emergency room visit followed by week long crisis respite center stay. AR. 383-91.
- February 2014, suicide attempt with 4 days in ICU, followed by 4 days in behavioral health unit. AR. 399, 392-419.
- March 2014, involuntary mental health detention for 3 days, followed by a three week inpatient hospital stay. AR. 439-73; 520-30.
- March-April 2014 hospitalized 5 days. AR. 535-567.

The preamble to the listing for 12.04 states that "if you have experienced more frequent episodes of shorter duration or less frequent episodes of longer duration, we must use judgment to determine if the duration and functional effects of the episodes are of equal severity and may

1   be used to substitute for the listed finding in a determination of equivalence." 20 C.F.R. part 404,
2   Subpt. P, App. 1, § 12.00C.4. The ALJ does not state whether she considered whether plaintiff's
3   multiple hospitalizations in the course of a year would equal the "paragraph C" criteria pursuant
4   to the regulations— she merely stated that plaintiff did not meet "paragraph C" criteria. AR. 19.
5   The ALJ documented all of plaintiff's hospitalizations and emergency room visits from July
6   2013 through April 2014, for a total of forty-six days, not including time spent at an inpatient
7   crisis respite centers.  AR. 22-23. Therefore, because the total number of days could be
8   considered equivalent in totality, the ALJ erred in giving a conclusory statement that she
9   considered plaintiff's mental impairments in combination, and erred in not considering whether
10  the "paragraph C" criteria was medically equaled.
11          In her decision, the ALJ noted that after her multiple hospitalizations, plaintiff's mental
12  health improved in May 2014 when plaintiff began attending beauty school full time. AR 23. She
13  also noted that plaintiff had been living at the YWCA, and subsequently attained a stable housing
14  situation. *Id*. The ALJ uses plaintiff's full-time beauty school attendance to show improvement
15  in her mental condition, but also notes that plaintiff took many leaves of absence. AR. 23. The
16  ALJ discounts these leaves of absence because she states that plaintiff took them because of
17  physical health conditions. AR. 23. However, at the hearing plaintiff testified to having
18  difficulties interacting with customers, and stated that she was very nervous when cutting hair
19  and "would sweat and shake." AR. 49. Plaintiff testified that she had to leave during several
20  haircuts and another student would have to come takeover for her. AR. 49-50. Plaintiff testified
21  that she got into a fight with one of the other students at school. AR. 51. Plaintiff testified that
22  she had to switch from full-time to a three-day program after beginning the vocational program.
23  AR. 52. She further testified that her health declined after she started the program and that part of
24

the reason was stress. AR. 52. Plaintiff also testified that her recovery after her most serious hospitalization required the help of a case manager who would bring plaintiff to her appointments and take her shopping for groceries. AR 54. The ALJ did not make note of this testimony when considering whether plaintiff's mental health had improved, which suggests improper "cherry-picking" of aspects of the record that support the ALJ's decision, while failing to develop the record on aspects of the record that support a finding of disabling limitations. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("the ALJ improperly cherry-picked some of [the doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment") (citations omitted); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("by cherry-picking Dr. Mahmood's file to locate a single treatment note that purportedly undermines her overall assessment of [the claimant's] functional limitations, the ALJ demonstrated a fundamental, but regrettably all-too-common, misunderstanding of mental illness") (collecting cases) (citations omitted). Therefore, the ALJs statement that plaintiff's mental health began to show improvement is not based on substantial evidence.

In sum, the ALJ's determination that plaintiff's mental impairment did not equal a listed impairment is conclusory and not based on substantial evidence.

**II.    Whether the ALJ failed to properly consider all of the plaintiff's severe mental impairments.**

Plaintiff asserts that the ALJ erred in finding not severe plaintiff's diagnosis of borderline personality disorder.  Step-two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The Administrative Law Judge "must consider the

combined effect of all of the claimant's impairments on her ability to function, without regard to whether [or not] each alone was sufficiently severe." *Smolen, supra*, 80 F.3d at 1290 (citations omitted). The step-two determination of whether or not a disability is severe is merely a threshold determination, raising potentially only a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (*citing Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999)).

When an ALJ fails to find an impairment severe, the error is not necessarily harmless just because the ALJ proceeds to subsequent steps in the sequential disability evaluation process. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). The Ninth Circuit concluded that an ALJ erred where the ALJ failed to find severe a claimant's panic disorder when the claimant described symptoms consistent with panic disorder to the ALJ at the administrative hearing. *See id.* The court found that because "the ALJ excluded panic disorder from [the claimant's] list of impairments and instead characterized her diagnoses as anxiety alone, the residual functional capacity determination was incomplete, flawed, and not supported by substantial evidence in the record." *See id.* In a recent case, the Ninth Circuit determined that the RFC should be the same regardless of whether an impairment is severe or not. *Buck v. Berryhill,* 869 F.3d 1040, 1048-1049 (9th Cir. 2017)) (*citing Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)); *see also Carmickle v. Comm'r, SSA,* 533 F.3d 1155, 1164 (9th Cir. 2008) (finding that the ALJ erred in not including limitations from plaintiff's tendonitis in his assessment of plaintiff's RFC). To lump all mental impairments into one does not reflect an appreciation of the nature of mental illness, where each diagnosis may have distinct functional limitations.

Here, the ALJ omitted borderline personality disorder because "the above severe impairments best capture the symptoms and signs of the record." AR. 18. At the hearing, the

attorney representing plaintiff specifically requested that the ALJ consider plaintiff's borderline personality disorder for listing 12.08. AR. 40. In her decision, the ALJ focused only on the symptoms of bipolar disorder and PTSD, while overlooking plaintiff symptoms of borderline personality disorder. AR. 17-18. She does not give a reason for stating why she did not consider borderline personality disorder for a severe impairment, but merely states that she believes plaintiff symptoms are better summed up with bipolar disorder and PTSD. AR. 18. The ALJ may "draw inferences logically flowing from the evidence." *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir. 1982) (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Not considering whether plaintiff's diagnosis of borderline personality disorder is a severe impairment was not harmless error because the ALJ did not include limitations from that disorder in the RFC. Also, the ALJ did not consider whether plaintiff met the listing for borderline personality disorder, which was also harmful error. Therefore, the ALJ erred in failing to consider plaintiff's diagnosis of borderline personality disorder at step two.

**III.    Plaintiff's additional arguments.**

Plaintiff contends that the ALJ erred in assessing her RFC and finding her not disabled at step 4 and step 5 of the sequential evaluation process. In section one, the Court concludes that the ALJ committed harmful error when she failed to consider whether plaintiff's mental health condition medically equaled a listing. If, on remand, the ALJ determines that plaintiff's condition does medically equal a listed impairment, the ALJ need not proceed to steps four and five. However, if plaintiff does not meet the listing, the ALJ should proceed to the subsequent steps in the disability analysis. On remand, plaintiff will be able to present new evidence and new

testimony.[1] The ALJ's reconsideration of any new evidence or testimony may impact her assessment of plaintiff's residual functional capacity. Therefore, on remand, the ALJ must also reassess plaintiff's RFC. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). Because the ALJ must reassess plaintiff's RFC on remand, she must also re-evaluate the findings at step 4 and step 5 to determine whether plaintiff can return to past work, or if there are jobs existing in significant numbers in the national economy that plaintiff can perform in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

**IV.    Remedy.**

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit further noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). At step three, a plaintiff will be considered disabled without proceeding to the subsequent steps of the disability evaluation if the plaintiff meets or

---

[1] POMS, GN 03106.036 Court Remand Orders, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited September 12, 2018); see also Bartlett, 2017 WL 2464117 at *4.

medically equals one of the listed impairments. 20 C.F.R. § 404.1520(d). Therefore, because a different determination at step three may have resulted in a finding of disability, the court cannot conclude that the ALJ's error was harmless.

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

When a plaintiff meets one of the listed impairments the claimant will be considered disabled without proceeding to the subsequent steps of the disability analysis. 20 C.F.R. § 404.1520(d).  Here, the ALJ erred because she did not base her decision that plaintiff did not equal the "paragraph C" criteria for the listed impairment on substantial evidence.  However, because disability decisions are fact-intensive, this Court cannot say with certainty whether plaintiff's condition did in fact medically equal the listed impairment. According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)

1  (other citation omitted)). Therefore, the proper remedy in this matter is to remand for further

2  proceedings consistent with this Report and Recommendation.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 2, 2018, as noted in the caption.

Dated this 15th day of October, 2018.

J. Richard Creatura
United States Magistrate Judge